[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER OF DISSOLUTION
The court incorporates herein the factual findings made on the record at the conclusion of the trial. The court has considered these findings and the trial evidence. The court has also considered the statutory criteria governing the dissolution of the marriage and the issuance of orders regarding custody, visitation, child support, alimony, the division of assets and liabilities and counsel fees. The court issues the following orders:
1. Custody and Visitation. The parties shall have joint legal CT Page 7949 custody of the parties' minor children. The physical residence of the minor child, Kenneth John Hart, shall be with the husband and the physical residence of the minor child, Shannon Marie Hart, shall be with the wife. The wife shall have liberal and reasonable visitation with Kenneth and the husband shall have liberal and reasonable visitation with Shannon, including the following. The father shall have visitation with Shannon every other weekend from Friday 5:30 p.m. to Sunday 6:00 p.m. The parents shall agree mutually as to whom the minor children will spend major holidays, the children's birthdays and vacations. The plaintiff shall have at least two weeks vacation with Shannon during the calendar year. If the parties are unable to agree as to holidays and the children's birthdays, then these days will be alternated. These holidays include Thanksgiving, Christmas Eve, Christmas Day, New Year's Eve, New Year's day, and Easter. Neither parent will relocate his or her residence with the minor child out of the State of Connecticut without giving the other parent ninety days notice.
2. Child support. The parties shall pay child support in accordance with the child support guidelines. The court adopts the child support guideline worksheet submitted by the defendant except that the court excludes the $27 estimated for state and federal taxes deducted from gross income and the court estimates the social security tax to be approximately $16 rather than $4. Thus the court estimates the wife's net income to be $162. Based on the split custody arrangement between the parties and the wife's income indicating that she is a low income obliger, the husband's child support obligation to the wife is $91 a week under the guidelines.
3. Personal Property. The husband shall retain possession of the 1995 Toyota Pickup and the wife shall retain possession of the 1992 Ford Taurus. Any debt due on any vehicle shall be the responsibility of the party retaining possession of the vehicle. Any other personal property, including bank accounts, shall belong to the party who has possession or ownership of such property at this time.
4. Deferred Compensation Plans. The husband and the wife shall divide equally the husband's Flex Extra Tax Qualified SEPP and IRA accounts accomplished through a qualified domestic relations order or such other documents consistent with the terms of these accounts. The wife's counsel shall prepare such documents for the court's consideration as necessary. CT Page 7950
5. Life Insurance. The husband shall maintain and pay for the life insurance listed on his financial affidavit naming the minor children as beneficiaries until the youngest child reaches the age of eighteen.
6. Health Insurance. The husband shall provide and maintain medical and hospitalization insurance for the benefit of the minor children as available through his employment at reasonable cost. If such insurance is not available to the husband, then the wife shall provide and maintain medical and hospitalization insurance for the benefit of the minor children as available through her employment at reasonable cost. If no medical insurance is available to the parties, they shall share equally the cost of medical and hospitalization insurance for the benefit of the minor children. Each party will be solely responsible for the medical expenses of the child in his or her physical custody that are not covered or reimbursed by insurance, except that either party may move to modify this provision for any extraordinary or unusual expenses that are not reimbursed or covered by insurance.
7. Taxes. Each party shall file separate tax returns commencing with the tax return for 1997. The husband shall take both minor children as exemptions on his return for 1997. Commencing with the 1998 tax year, each party shall claim as an exemption on his or her tax return the minor child residing with him or her.
8. Real Property. The husband shall purchase the wife's interest in the marital home known as 470 Peck Lane, Orange, Connecticut, and pay her in full satisfaction of all of her property rights either the sum $145,000 or 50% of the net proceeds from the sale of the property as provided herein. The $145,000 shall be paid to the wife as follows: $45,000 upon the closing of the plaintiff's refinancing of the home, which $45,000 shall be paid by January 15, 1999; and $100,000 either when Kenneth reaches the age of nineteen or upon the sale of the property if sold prior to Kenneth's nineteenth birthday, whichever occurs first. Upon receipt of the $45,000, the wife shall quitclaim all of her right, title and interest in and to the property to the husband, but she shall have the right to secure the balance of the $100,000 owed to her by a lien on the property and the right to foreclose on this lien if the $100,000 is not paid when due. The husband shall be responsible for all CT Page 7951 future mortgage payments, repairs, expenses and real estate taxes for the property and shall indemnify and hold the wife harmless for any and all such expenses and liabilities.
In the event the plaintiff is unable to obtain a commitment for refinancing of the marital home and make the initial $45,000 payment by January 15, 1999, the home shall be immediately listed for sale. The parties shall split equally the net proceeds realized from such sale, making allowance for reasonable real estate broker commission, attorney's fee, and closing costs.
The husband shall retain the real property located at 159 Knapp Pond Road, Vermont, free and clear of any claim of the wife.
9. Husband's Business Interest. The husband has an unliquidated and disputed claim against his former business, Mill Plain Auto Body and Associates. The husband shall pay to the wife the sum of $40,000 or fifty per cent of any net recovery actually received by the husband whichever is less, this net recovery making allowance for plaintiff's legal fees, costs and expenses.
10. Alimony. The husband shall not receive any alimony from the wife. The wife shall receive alimony from the husband in the amount of $100 a week commencing the week of January 17, 1999, but she shall receive this alimony only if she has not received the $45,000 through the refinancing of the mortgage on the marital home and she has not received her share of the proceeds from me sale of me marital home. If the wife becomes entitled to this alimony, the alimony shall continue until and shall terminate only when she receives her share of the proceeds from the sale of the marital home or the death of either party. The receipt of this alimony shall not in any way preclude the wife from exercising her right to have the property sold or to otherwise enforce this judgment.
11. Debts. The husband shall pay any outstanding balance owed on Dr. Wiles' bill and he shall indemnify and hold the wife harmless for this bill. Each party shall otherwise be solely responsible for the debts listed on their respective financial affidavits and for any debts incurred by him or her which are not disclosed. Each party shall be responsible for his or her counsel fees. Each party shall pay one-half of the counsel fees incurred by Betty Levy, for her representation of the minor children.
CT Page 7952
Dated July 10, 1998
Barry K. Stevens Judge of the Superior Court